## HOOKS *vs.* BARNETT'S EXECUTOR.

[CONTESTED PROBATE OF WILL.]

1. *Special jurisdiction of register in chancery, sitting for probate judge.* When the probate judge is incompetent to preside in the matter of the probate of a will, (Code, §§ 560, 1910–12,) the proceedings are not required to be instituted in the probate court, and thence transferred to the register in chancery, but may be commenced before the register ; nor is it necessary, in such case, that the petition, propounding the will for probate, should show the incompetency of the probate judge, when his incompetency is otherwise shown by the record,—as by a recital in the minute-entry that the contestant is his mother-in-law.

APPEAL from the Register in Chancery, sitting for the Probate Judge of Pike.

IN the matter of the probate of the last will and testament of John Barnett, deceased, which was propounded for probate by Michael H. Barnett, the executor therein named, and contested by Mrs. Martha M. Hooks, who was a daughter of said testator. The petition for the probate

of the will was addressed to the register in chancery; but it did not allege the incompetency of the probate judge of the county to take jurisdiction of the cause, nor state any facts showing that he was incompetent; and the only allegation, in reference to the testator's heirs-at-law and distributees, was as follows: "Your petitioner further states, that the widow of said decedent is Mrs. Sophia Barnett, who resides in this county; and that his next of kin are his children—Michael H. Barnett, who is of full age, and resides in Montgomery county; Martha M. Hooks, widow of Thomas Hooks, also a resident of Pike county; James E. Barnett, a resident of Pike county; Jincey Woodward, wife of Stephen Woodward, a resident of Bibb county, Georgia; and Charles J. Barnett, a resident of Bastrop county, Texas,—all of whom are of full age."

The minute-entry of the register, setting a day for the hearing of the application, and ordering notices and subpœnas to issue, contains the following recital: "And it appearing to the court, from said petition, that said petitioner is one of the next of kin of said deceased, and also one of the executors named in said instrument; that Mrs. Sophia Barnett is the widow of said deceased, and resides in Pike county in this State; that said decedent left —— children him surviving, to-wit: Jincey Woodward, wife of —— Woodward, who is of full age, and resides near Macon P. O., in the State of Georgia; Charles J. Barnett, also of full age, who resides near Albade P. O., in the State of Texas; Mrs. Martha M. Hooks, widow of Thomas Hooks, late of this county, deceased, of full age, and who is the mother-in-law of Hon. Bird Fitzpatrick, judge of probate of Pike county," &c. In the written objections to the probate, filed by the contestant, the cause was described as pending before the register in chancery "because of the disqualification of the judge of probate of said county from relationship to the parties at interest."

Issue was joined between the parties, and the cause was submitted to a jury, who returned a verdict in favor of the will. The contestant then moved in arrest of judgment,

" and also to dismiss the suit, for the reason that this court has no jurisdiction thereof; and, in support of said motion, offered in evidence the original petition and the subsequent record of the proceedings in the cause." The register overruled the motion, and rendered judgment according to the verdict; and his judgment and decree, to which the contestant reserved an exception, is now assigned as error.

Jno. A. Elmore, for appellant.—The proceedings ought to have been instituted in the probate court, and transferred by that court, if the judge was incompetent to sit, to the register in chancery; and the reason of the transfer should have appeared of record. If the petition was properly filed with the register in the first instance, it should have stated the facts necessary to show his jurisdiction. There is nothing in the record to show that he had jurisdiction, except the recital of the minute-entry, that it appeared, " from the petition," that the contestant was the mother-in-law of the probate judge, when the petition contains no such averment. The record does not show enough to sustain the proceedings, if collaterally assailed, much less on direct appeal.

STONE, J.—It is objected in this case, that the register in chancery for the 10th district does not appear by any thing in this record to have had jurisdiction of the contest of Mr. Barnett's will. The provisions of the Code, which bear on this question, are section 560, and sections 1910 *et seq.* We construed some of the features of these sections in *Wilson v. Wilson*, 36 Ala. 662–3–4–5. We do not assent to the proposition that, under these sections, it is necessary that the proceeding shall be first commenced in the probate court, and then, by an order of that court, transferred, if the presiding judge be on any ground incompetent to try it. Section 1911 provides for the removal of original papers, in case there are any to remove; but it can not, by any fair construction, be understood as requiring that there shall be original papers in the probate court

39

before the jurisdiction can attach to the court of the register.

It is contended, also, that the statement in the judgment-entry of the register, that among the children of testator is Mrs. Martha M. Hooks, "who is the mother-in-law of Hon. Bird Fitzpatrick, judge of probate of Pike county," is mere recital of what appeared on the face of the petition, and not an assertion that such was the fact. We think this position untenable. The petition contains no such statement; and if we were to rule in accordance with this argument, we should convict the register of placing on his record what was plainly untrue. Records import verity, and we are not to presume that judicial officers violate their duty.—*Deslonde v. Darrington*, 29 Ala. 92 ; 1 Greenl. Ev. §§ 19, 227 ; 1 Phil. Ev. (4th Amer. ed.) 642.

In support of this construction of the register's order, if support be necessary, it may not be out of place to state, that Mrs. Hooks was the sole contesting party in the court below ; that she alone appeals, and assigns errors; and in the allegations filed by her against the probate of the will, she states that the will was propounded for probate before the register, "because of the disqualification of the judge of probate of said county, from relationship to the parties at interest." The question of jurisdiction was not raised in the court below, until after verdict was rendered on the issue, establishing the validity of the will.

Construing the order of the register as an affirmation that the contestant was related to the judge of probate within the degree which denied to him the right to preside in the trial, we think the register, sitting for the probate judge, rightly overruled the motion in arrest of judgment.

Affirmed.